**UNITED STATES, Plaintiff,**

v.

**Joseph F. KENEALY et al., Defendants.**

**Civ. A. No. 73–1570–C.**

United States District Court,
D. Massachusetts.

March 31, 1980.

William S. Freeman, Dept. of Justice, Washington, D.C., Charles K. Mone, Asst. U.S. Atty., Boston, Mass., Carolyn Lamm, Washington, D.C., for plaintiff.

Paul F. Markham, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by the United States to recover profits obtained by defendants by reason of an alleged breach of fiduciary duties on the part of Joseph F. Kenealy. The complaint alleges that during the years 1968, 1969 and 1970 Kenealy was employed by the Federal Housing Administration (FHA) within the Department of Housing and Urban Development (HUD) as a supervising appraiser. It is further alleged that as part of his employment Kenealy was entrusted and empowered by the United States to conduct various activities pertaining to the FHA's mortgage insurance program for the purchase of single family dwellings by low and moderate income purchasers. More specifically, it is alleged Mr. Kenealy was charged with the inspection and appraisal of properties, the review and approval of appraisals made by subordinate FHA appraisers and other duties. The government charges that in violation of the conditions, duties, and responsibilities of his employment imposed by federal statutes, regulations, and the common law, Kenealy incorporated, operated and managed Kenco Realty Co., Manor Mortgage Co., and Manor Mortgage Co., Inc. either individually or jointly with his wife Anna and son Michael. It is further alleged that Kenealy directly and indirectly through the other named defendants engaged in the purchase, sale and financing of real estate for his personal profit. The government charges that defendants purchased, sold or financed approximately 41 separate parcels of real estate during the relevant period, all of which became the subject of FHA insured mortgages.

Defendants filed an answer admitting some of the allegations of the complaint and denying others. Eventually in this protracted litigation the government filed a request for admissions under Rule 36 which contained some 45 paragraphs, the majority of the numbered paragraphs contain at least three letters designated substatements of fact.

On May 3, 1978 another judge of this Court allowed the government's motion to deem admitted plaintiff's request for admissions in its entirety. The government's motion was predicated on the inadequate nature of defendants' prior responses to that request and to the refusal of defendants to enter into a stipulation ordered by the Court.

The matter is now before the Court on the government's motion for summary judgment which is predicated primarily on the theory that defendants' involuntary admissions to the government's request, as established by the Court order of May 3, 1978, establish by at least a preponderance of the evidence, all of the material allegations of the government's complaint.

Defendants seek in their papers to escape the allowance of the government's motion for summary judgment by contending that other employees of the FHA were aware of the fact that Kenealy and other members of his family were actively engaged in buying and selling FHA appraised and insured properties. I rule that, assuming other employees of the agency had knowledge of

Kenealy's illegal activities, and further assuming that they took no action with reference thereto, the government nevertheless is still entitled to summary judgment in its favor because under the law only one person in the agency, the so-called "department counselor" is authorized to give a written approval of such conduct. 24 C.F.R. § 0.735–104(a)(b), *Bornstein v. United States*, 345 F.2d 558, 562, 170 Ct.Cl. 576 (1965). No other employees' knowledge or acquiescence in Kenealy's conduct has any legal form or effect as against the United States. *See, United States v. Mississippi Valley Generating Company*, 364 U.S. 520, 81 S.Ct. 294, 5 L.Ed.2d 268 (1961); *United States v. Carter*, 217 U.S. 286, 30 S.Ct. 515, 54 L.Ed. 769 (1910). An affidavit on file from Deputy Regional Director F. L. Brown clearly establishes that Kenealy never asked for or received any approval, oral or written, relative to his outside dealings. Consequently, I rule that the government has sustained its burden of proving the facts alleged and its burden of demonstrating that there is no issue of material fact. Consequently, an order will enter granting summary judgment for plaintiff.

Order accordingly.